RECEIVED

NOV 19 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **KELLY HUKINS** <br> **SHANNON HUKINS** <br><br> **VERSUS** <br><br> **METSO PAPER USA, INC.** <br> **METSO PAPER, INC.** <br> **KMW** <br> **MARTCO LIMITED PARTNERSHIP** | **CIVIL ACTION NO. 07-1103** <br><br> **JUDGE DOHERTY** <br><br> **MAGISTRATE JUDGE METHVIN** |

### REPORT AND RECOMMENDATION ON DEFENDANTS METSO PAPER, INC. AND METSO PAPER USA, INC.'S MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
*(Rec. Docs. 13, 23)*
### RULING ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT
*(Rec. Doc. 28)*

Before the Court are the motions to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) filed by defendant Metso Paper, Inc. and Metso Paper USA, Inc. (collectively "Metso" or "Metso defendants").[1] Movers contend that plaintiffs have failed to establish diversity of the parties as well as jurisdictional amount. Plaintiffs Kelly Hukins and Shannon Hukins ("plaintiffs") have not filed an opposition.[2]

---

[1] Rec. Docs. 13, 23.

[2] On August 6, 2007, Metso Paper USA, Inc. filed its Motion to Dismiss for Lack of Jurisdiction [Rec. Doc. 13]. On August 24, 2007, plaintiffs were granted a ten day extension of time to file an opposition to Metso Paper USA, Inc.'s Motion to Dismiss (Rec. Doc. 22); however, no opposition has been filed. Thereafter, on August 28, 2007, Metso Paper, Inc. joined in Metso Paper, USA, Inc.'s Motion [Rec. Doc. 23]. Local Rule 7.5W requires that written opposition to a motion be filed within fifteen (15) days after service of the motion; however, plaintiffs have not filed an opposition to Metso Paper, Inc.'s motion to dismiss.

2

Also before the Court is plaintiffs' motion for leave to amend complaint which is opposed by the Metso defendants.[3] The amended complaint addresses jurisdictional amount but not diversity. For the following reasons, plaintiffs' motion for leave to amend is **DENIED AS FUTILE**, and it is **RECOMMENDED** that the Metso defendants' motions to dismiss for lack of subject matter jurisdiction be **GRANTED**.

### *Factual Background*

Plaintiffs, Kelly and Shannon Hukins are husband and wife. They allege in this diversity action that plaintiff Kelly Hukins, an employee of Martco Limited Partnership ("Martco"), injured his right knee and back while replacing the bottom seal on the hydraulic wrench press when it suddenly, without warning, shifted and fell on his knee.[4] The hydraulic wrench press was located at Martco's facility in Morrow, Louisiana. Plaintiffs allege that the hydraulic wrench and bottom seal were designed, manufactured, packaged, marketed and distributed and/or sold by defendant KMW ("KMW"), now doing business as Metso Paper USA, Inc. and/or Metso Paper, Inc. Plaintiffs seek damages for Kelly Hukins alleged damages as well as for his wife Shannon Hukins' alleged loss of consortium. Plaintiffs allege that they are each a resident and domiciliary of Louisiana.[5]

In their original complaint, plaintiffs named the defendants as follows:

---

[3] Rec. Docs. 28, 37.

[4] Plaintiffs allege diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Complaint, Rec. Doc. 1, XIV.

[5] Plaintiffs allege that they are residents of and domiciled in the City of Cottonport, Parish of Avoyelles, State of Louisiana. Complaint, Rec. Doc. 1, I.

3

A. Metso Paper USA, Inc., is a corporation organized under the laws of the State of Delaware, with its princip[al] place of business in the State of Georgia, and is authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court;

B. Metso Paper, Inc. is a corporation organized under the laws of the Country of Finland, with its princip[al] place of business in the City of Jyvaskyla, and is authorized to do and is doing business in the State of Louisiana and within the jurisdiction of this Honorable Court;

C. KMW (AB Karlstad Mekanisk Werkstad), was a corporation organized under the laws of a foreign state and was authorized to do business in the State of Louisiana and within the jurisdiction of this Honorable Court; and

D. Martco Limited Partnership, is a partnership organized under the laws of the State of Louisiana with its princip[al] place of business in the State of Louisiana, and is authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

Plaintiffs initially alleged that the amount in controversy exceeds the sum of $50,000. Plaintiffs seek to amend their complaint to allege that the amount in controversy exceeds $75,000.

## *Standard of Law*
## *Motion to Dismiss for Lack of Jurisdiction*

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist. Id. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears

4

certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id. "When a defendant makes a 'factual attack' on the court's jurisdiction, the plaintiff must 'prove the existence of subject-matter jurisdiction by a preponderance of the evidence.' An attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.' The plaintiff is obliged 'to submit facts through some evidentiary method' to sustain his burden of proof." Irwin v. Veterans Admin., 874 F.2d 1092, 1096 (5th Cir. 1989).

### *Analysis*

On August 6, 2007, Metso Paper USA, Inc. filed a motion to dismiss plaintiffs' claims for lack of subject matter jurisdiction.[6] On August 28, 2007, Metso Paper, Inc. joined in the motion.[7] The Metso defendants argued that the Court lacks subject matter jurisdiction because plaintiffs failed to establish both diversity and jurisdictional amount of $75,000. Subsequently, plaintiffs moved to amend their complaint to include allegations that the amount in controversy exceeds $75,000.[8] The Metso defendants filed an opposition contending that the proposed amended complaint failed to address the jurisdictional defect relating to the diversity of the parties.[9] The Metso defendants conclude therefore that, even if the motion to amend the complaint is granted, the action must be dismissed nonetheless for lack of subject-matter jurisdiction. The Metso

---

[6] Rec. Doc. 13.

[7] Rec. Doc. 23.

[8] Rec. Doc. 28.

[9] Rec. Doc. 37.

defendants submit that the amended complaint is thus futile and urge the Court, within its discretion, to deny the motion for leave to amend.

Metso's argument is well taken. "The burden is on a plaintiff to allege and invoke jurisdiction." McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975). 28 U.S.C. Section 1332(a)(2) grants federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of a State and citizens or subjects of a foreign state or citizens of different states.[10] Thus, as plaintiffs have alleged diversity jurisdiction, the Court must consider not only whether the amount in controversy exceeds $75,000 but also the consider the statute's diversity requirement. "It has long been settled that diversity of citizenship between plaintiffs and defendants must be complete to confer jurisdiction under 28 U.S.C. § 1332." Panalpina Welttransport GmBh v. Geosource, Inc., 764 F.2d 352, 354 (5th Cir. 1985) citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). "For diversity jurisdiction, the party asserting federal

---

[10] 28 U.S.C.A. § 1332(a) provides in pertinent part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

6

jurisdiction must 'distinctly and affirmatively allege [ ]' the citizenship of the parties. 'Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.'" Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) (footnotes and citations omitted). Plaintiffs thus bear the burden of establishing diversity; if they fail to meet that burden, the existence of federal jurisdiction cannot be presumed. See Id.

Plaintiffs allege that they are residents and domiciliaries of Louisiana. They must therefore affirmatively allege that their citizenship is diverse from the citizenship of the four named defendants.

Plaintiffs' allegations of diversity as to defendants KMW and Martco are lacking. Plaintiffs allege that KMW is a "corporation organized under the laws of a foreign state and was authorized to do business in the State of Louisiana." Metso argues that these allegations fail to establish diversity with respect to KMW as they do not identify its principal place of business. As Metso argues, citizenship must be distinctly and affirmatively alleged, and plaintiffs have not done so. "In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1259 (5th Cir. 1988). Plaintiffs have not done so and have failed their burden.

Moreover, plaintiffs' allegations fail to establish diversity with defendant Martco Limited Partnership. Plaintiffs allege that Martco is organized under Louisiana law and has its principal place of business in Louisiana. This does not meet the standard for establishing the citizenship of a limited partnership. Because Martco is a limited partnership, it assumes the citizenship of each of its partners. See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 856 n.3 (5th Cir. 2003).

7

Plaintiffs have failed to allege any citizenship of any of Martco's partners - either general or limited - and as such plaintiffs' allegations are insufficient.[11]

As Metso points out, plaintiffs' amended complaint would solely add an allegation that the amount in controversy exceeds $75,000 but fails to address or cure the complaint's defective diversity allegations. Under F.R.C.P. 15(a), "leave to amend shall be freely given when justice so requires," and should be granted absent some justification for refusal. U.S. ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 386 (5th Cir. 2003). The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment. Id. Leave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile. Id. at 387.

Title 28 U.S.C. § 1653 provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653. The United States

---

[11] Further, Metso notes that Martco has filed a Nongovernmental Corporate Party Disclosure that indicates that it is not owned by a parent corporation, but is owned by two parent limited liability companies both of which are organized under the laws of Louisiana. As defendant argues, this information even if alleged, does not establish Martco's citizenship for diversity purposes as limited liability companies are not corporations and, therefore, their citizenship is not determined by their place of incorporation or principal place of business. See Carden v. Arkoma Associates, 494 U.S. 185, 196-197, 110 S. Ct. 1015, 1021-1022 (1990) (rejecting the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members and indicating that, while Congress provided in 28 U.S.C.A. § 1332(c) that a corporation shall be deemed a citizen not only of its State of incorporation but also "of the State where it has its principal place of business" it made no such provision for the treatment of artificial entities other than corporations). See alsoFeaster v. Grey Wolf Drilling Co., 2007 WL 3146363 at *1 (W. D. La. October 25, 2007) (holding that, when a limited partnership is a party, citizenship of the partnership must be traced through how many layers of members or partners there may be, and failure to do so may result in dismissal).

8

Court of Appeals for the Fifth Circuit, while observing that this section should be construed liberally, nonetheless declined an appellant an opportunity to amend where there was no indication that diversity in all probability existed and where the appellant showed in a second plea to the trial court no inclination to cure a jurisdictional defect even though placed on notice of the defect. McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975).

In the instant case, although the movers have filed three separate pleadings, objecting to the Court's subject matter jurisdiction for lack of diversity jurisdiction, plaintiffs' proposed amendment seeks only to amend their jurisdictional amount allegations.  Plaintiffs have had ample opportunity to amend their complaint to allege diversity of citizenship if they were able to do so.  Thus, the undersigned concludes that their motion to amend should be denied as futile.

### *Conclusion*

Based on the foregoing, **IT IS ORDERED** that plaintiffs' motion for leave to amend is **DENIED AS FUTILE**.

It is recommended that the motions to dismiss filed by Metso Paper, Inc. and Metso Paper USA, Inc. be **GRANTED**.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

9

days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on November 19, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(318) 593-5140    FAX 593-5155

COPY SENT:
DATE: 11/19/07
BY: CW
TO: hem